**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Brandt James REASER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 11, 2004.
Filed April 29, 2004.
Reargument Denied July 12, 2004.

Eugene C. LaManna, Reading, for appellant.

Alisa R. Hobart, Assistant District Attorney, Reading, for Commonwealth, appellee.

Before: LALLY–GREEN, GANTMAN, and CAVANAUGH, J.J.

OPINION BY GANTMAN, J.

¶ 1 Appellant, Brandt James Reaser, asks us to determine whether the trial court erred as a matter of law when it found him guilty of violating the Pennsylvania Motor Vehicle Code at 75 Pa.C.S.A. § 4902(a) (governing restrictions on use of highways and bridges). Specifically, Appellant challenges his conviction by asserting he qualified under the statutory exemption for use of a weight-restricted road. Under the circumstances of this case, we hold the statutory exemption did not require Appel-

lant to limit his use of the weight-restricted road to the shortest distance on that road. Accordingly, we reverse, and vacate Appellant's judgment of sentence.

¶ 2 The relevant facts and procedural history of this case are as follows. On December 31, 2002, Berks Transfer, Appellant's employer, assigned him to pick-up a container. Appellant drove a four-axle truck from Robesonia in Berks County to Dynamite Road in North Heidelberg Township, Berks County. Appellant's plan was to pick up the container, continue east to State Route 183, and take Route 183 east to Huller Lane in Laureldale, which is the Berks Transfer drop-off point for containers.

¶ 3 On his way to the Dynamite Road pick-up point, Appellant traveled north on Robesonia–Bernville Road. Robesonia–Bernville Road curves to the left (west), and Old Church Road branches off to the right (northeast), creating a y-shaped intersection. Each branch eventually leads to Route 183. Because Appellant's only access to Dynamite Road was to bear right, he turned off of Robesonia–Bernville Road onto Old Church Road. Old Church Road is a 10–ton weight-restricted road in part.

¶ 4 Dynamite Road has two perpendicular intersections with Old Church Road. Both intersections dead-end within the weight-restricted area of Old Church Road. Appellant turned onto Dynamite Road at the first intersection. After making his pick-up on Dynamite Road, Appellant returned to the same intersection with Old Church Road. At the intersection, there is a sign indicating Old Church Road is a 10–ton weight-restricted road in both directions.

¶ 5 At this point, Appellant had three possible choices. First, Appellant could turn left or west, travel on a portion of the weight-restricted area of Old Church Road, back to the original intersection with Robesonia–Bernville Road. Using this option, Appellant would then turn right on Robesonia–Bernville Road, travel west 4 miles to Route 183, and then backtrack east on Route 183 to his final destination.[1]

¶ 6 Appellant's second choice was to turn right on Old Church Road and travel east on a portion of the weight-restricted area of Old Church Road for about 1.5 miles. After that distance, Old Church Road going east is no longer weight-restricted. Appellant could continue straight on the unrestricted portion of Old Church Road to Route 183, exit right to Route 183 and continue east on Route 183 to his final destination.[2]

¶ 7 Appellant turned right, heading due east. He was pulled over by Trooper Teter, who had reason to believe Appellant's vehicle was in excess of the posted weight restriction.[3] Officer James Loder was ra-

---

1. We are unable to determine from the record how many miles Appellant would have had to travel east on Route 183 under this option.

2. The Commonwealth suggested a third option at trial. The Commonwealth contended Appellant could have used a "cut-through" to Robesonia–Bernville Road located a short distance west and on the other side of Old Church Road. The cut-through road has no name and no indication of where it goes or whether it is weight-restricted. Of course, once Appellant was on Robesonia–Bernville Road, Appellant would still have to take Robe-

sonia–Bernville Road west 4 miles to Route 183, and then backtrack east on Route 183 to his final destination. This option represented the shortest travel distance on the weight-restricted portion of Old Church Road. We note all three options required some travel on the weight-restricted area of Old Church Road.

3. Trooper Teter did not ask Appellant whether he was making a local delivery or pick-up. At trial, however, Trooper Teter testified Appellant did have a container loaded on the truck. It was further established that Appellant had

dioed in to weigh the vehicle and later testified that the total weight of the truck was 46,450 pounds. Ten tons, which was the weight restriction for the particular road, is equivalent to 20,000 pounds. There is a 3% tolerance, which is mandated whenever portable scales are used. Deducting this tolerance from the total weight of Appellant's truck yielded a net weight of 45,056 pounds. The net weight of the vehicle was 25,056 pounds in excess of the posted weight restriction.

¶ 8 Trooper Teter cited Appellant for driving his overweight vehicle east on the weight-restricted portion of Old Church Road in violation of 75 Pa.C.S.A. § 4902(a). On February 6, 2003, the District Justice found Appellant guilty of this violation and fined him $6,667.80 plus costs. On February 20, 2003, Appellant filed a summary appeal to the Berks County Court of Common Pleas. Appellant's trial *de novo* proceeded on May 27, 2003. Appellant was again found guilty of violating 75 Pa.C.S.A. § 4902(a) and sentenced to pay a fine of $6,667.80 plus costs. On June 20, 2003, Appellant timely filed his appeal to this Court.

¶ 9 Appellant presents the following issue for our review:

> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW OR ABUSED ITS DISCRETION IN FINDING [APPELLANT] GUILTY OF VIOLATING 75 Pa.C.S.A. § 4902(a) OF THE PENNSYLVANIA MOTOR VEHICLE CODE?

(Appellant's Brief at 4).

¶ 10 Our review of a claim regarding the sufficiency of the evidence is subject to the following principles:

> When considering a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at

made a pick-up in the immediate vicinity of

trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish every element of the offense beyond a reasonable doubt.

*Commonwealth v. Kirkland*, 831 A.2d 607, 610 (Pa.Super.2003) (internal citation omitted). We must evaluate the entire record and consider all evidence actually received. *Commonwealth v. Vetrini*, 734 A.2d 404, 407 (Pa.Super.1999). Nevertheless,

> [W]e may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Cassidy*, 447 Pa.Super. 192, 668 A.2d 1143, 1144 (1995), *appeal denied*, 545 Pa. 660, 681 A.2d 176 (1996) (internal citations omitted). *See also Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super.2003).

¶ 11 Appellant argues he was making a local pick-up in the immediate vicinity of a weight-restricted road. Appellant contends he fit within the statutory exemption of Section 4902(a) and should not be penalized for traveling on the weight-restricted road. Appellant asserts he could not avoid Old Church Road under any circumstance; and, neither Section 4902(a) nor the Pennsylvania Department of Transportation weight restriction certification for that road required him to use the shortest stretch of the weight-restricted road or to get off the weight-restricted road as soon

the weight-restricted road.

as possible. Appellant claims the court's decision requires mathematical calculations as to the shortest distance on a weight-restricted road for the driver to come within the ambit of the local pick-up exemption. Further, Appellant submits imposing such restrictions also assumes the driver knows the exact length of the weight restriction as well as the location of alternative routes that might minimize actual travel in the weight-restricted area. According to Appellant, the court's ruling represents an unwarranted extension of the statute. Thus, Appellant concludes his conviction should be reversed and his sentence vacated. We agree.

■ ¶ 12 This case involves the interpretation and application of Section 4902 of Pennsylvania's Motor Vehicle Code, which provides in relevant part:

§ 4902. Restrictions on use of highways and bridges

(a) Restrictions based on condition of highway or bridge.—The Commonwealth and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge only when they determine by conducting an engineering and traffic study as provided for in department regulations that the highway or bridge may be damaged or destroyed unless use by vehicles is prohibited or the permissible size or weight of vehicles is reduced. School buses, emergency vehicles and vehicles making local deliveries or pickups may be exempted from restrictions on the

use of highways imposed under this subsection.

\* \* \* \* \* \*

75 Pa.C.S.A. § 4902(a) (emphasis added).[4] We begin our analysis with a review of the following doctrines:

Penal laws include all statutes and embodiments of the common law which establish, create, or define crimes or offenses, including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty.

Pa.R.Crim.P. 103 (providing definitions).

[N]o conduct constitutes a crime in this Commonwealth unless it is a crime under Title 18 or another statute. Stated differently, Pennsylvania is a "code jurisdiction": it recognizes no common law crimes. Necessarily, then, when the judiciary is required to resolve an issue concerning the elements of a criminal offense, its task is fundamentally one of statutory interpretation, and its overriding purpose must be to ascertain and effectuate the legislative intent underlying the statute.

Moreover, penal statutes are to be strictly construed. The need for strict construction does not require that the words of a penal statute be given their narrowest possible meaning or that legislative intent be disregarded, nor does it override the more general principle that the words of the statute must be construed according to their common and approved usage. It does mean, however, that where an ambiguity exists in the language of the penal statute,

4. Subsection (a) restricts the weight of vehicles traveling on the road due to the condition of the highway or bridge. Subsection (b) of this statute places restrictions on vehicle weight due to traffic conditions. Under both subsections, a violator incurs fines, albeit substantially different fines. Under subsection (a), a violator is fined $150 plus an additional $150 for each 500 pounds over the posted weight limit. Under subsection (b), a violator is fined no less than $25 and no more than $100. 75 Pa.C.S.A. § 4902(a), (b), and (g).

such language should be interpreted in the light most favorable to the accused. More specifically, where doubt exists concerning the proper scope of a penal statute, it is the accused who should receive the benefit of such doubt. . . . Significantly, a court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope.

*Commonwealth v. Booth,* 564 Pa. 228, 233–34, 766 A.2d 843, 846 (2001) (internal citations omitted). "(S)trict construction is a means of assuring fairness to persons subject to the law by requiring penal statutes to give clear and unequivocal warning in language that people generally would understand, as to what actions would expose them to liability for penalties and what the penalties would be." *Commonwealth v. Cluck,* 252 Pa.Super. 228, 381 A.2d 472, 477 (1977). Section 4902 of the Motor Vehicle Code is a penal provision. *See Commonwealth v. Church,* 513 Pa. 534, 522 A.2d 30 (1987). Thus, it must be strictly construed so it does not imbue the statute with additional elements or create offenses which the legislature did not intend to create. *Cluck, supra. See also Commonwealth v. Samuels,* 566 Pa. 109, 149, 778 A.2d 638, 663 (2001) (Justice Newman concurring and dissenting).

Generally speaking, the best indication of legislative intent is the plain language of a statute. . . . Under [1 Pa.C.S.A.] Section 1921(c), it is only when the words of a statute "are not explicit" that a court may resort to other considerations, such as the statute's perceived "purpose," in order to ascertain legislative intent. Consistently with the Act, this Court has repeatedly recognized that rules of construction, such as consideration of a statute's perceived "object" or "purpose," are to be resorted to only when there is an ambiguity.

*In Re Canvass of Absentee Ballots of November 4, 2003 General Election,* 577 Pa. 231, 242–43, 843 A.2d 1223, 1230 (2004) (internal citations omitted). Any ambiguity concerning the ambit of a penal statute must be resolved in favor of lenity. *Cluck, supra.*

¶ 13 Finally,

When interpreting a statute, it is presumed that the legislature did not intend an absurd or unreasonable result. In this regard, we . . . are permitted to examine the practical consequences of a particular interpretation.

*Commonwealth v. Diakatos,* 708 A.2d 510, 512 (Pa.Super.1998). *See also Commonwealth v. Giampa,* 846 A.2d 130 (Pa.Super.2004).

¶ 14 With respect to Section 4902, if a driver testifies that he was acting under the local pick-up or delivery exemption to Section 4902(a), the Commonwealth can rebut this testimony with evidence of an alternative route by which the driver could have avoided the weight-restricted road entirely. *Commonwealth v. Doleno,* 430 Pa.Super. 1, 633 A.2d 203 (1993). The Commonwealth relies on *Doleno* as dispositive of this appeal.

¶ 15 In *Doleno,* the driver was stopped while driving on a weight-restricted road. The officer asked the driver whether he was making a local delivery and the driver replied, "No." The officer took the driver's vehicle to a nearby weigh station and determined that the vehicle was 40,740 pounds in excess of the posted weight limit.

¶ 16 In his defense at trial, the driver claimed he had made nineteen local stops and was on his way to his next stop when he was pulled over. The driver testified he was unsure and confused about how to reach his next stop and driving on the

particular weight-restricted road was necessary to reach his next customer.

¶ 17 In rebuttal, the officer testified the driver had used the weight-restricted road as a shortcut, and detailed a route by which the driver could have avoided the restricted road altogether. Based on this testimony, the trial court denied the driver's motion for arrest of judgment, and found him guilty of violating 75 Pa.C.S.A. § 4902(a). In light of the officer's alternative route theory, the court found the statutory exemption did not apply.

¶ 18 On appeal to this Court, the driver argued there was insufficient evidence to sustain his summary conviction. Specifically, in his first issue, the driver claimed the Commonwealth had failed to prove the weighing scale was accurate. This Court found there was no precedent requiring the Commonwealth to prove the accuracy of the weighing scale; the Commonwealth met its burden of proof when the vehicle was weighed by a certified weightmaster on a stationary scale with the officer present, and the vehicle was overweight.

¶ 19 In his second issue, which is pertinent to the present appeal, the driver challenged the sufficiency of the Commonwealth's evidence in that it had failed to prove the driver was not making a local delivery when he was stopped. Although the driver actually waived his second issue by failing to argue it in his brief, this Court briefly outlined why the driver's proposition failed. The Court reasoned:

> In essence, appellant claims that the Commonwealth had the duty to disprove his testimony that he was making a local delivery when he was cited. Appellant never testified that the stop was on Clifton Road, only that he was driving on Clifton Road to make his next local stop. In rebuttal, the Commonwealth offered the testimony of an officer who had worked the streets of Bethel Park for thirteen years. Based on appellant's testimony, the officer outlined a route by which appellant could have driven his vehicle from one pickup to the next, without using Clifton Road. It is evident from the trial court opinion that the court credited the testimony of the officer over appellant's testimony. As the trial court is free to believe all, part, or none of the evidence, we will not over turn its finding.

*Id.* at 206. This Court determined the officer's testimony, detailing an alternative route whereby the driver could have avoided the weight-restricted road altogether when making his pick-up or delivery, constituted proper rebuttal to the driver's testimony. The *Doleno* Court reasoned it is irrelevant that a driver is making a local delivery or pick-up if he can completely avoid the weight-restricted road by using a reasonable alternative route. Thus, *Doleno* suggests the local delivery or pick-up exemption might not apply if there is a reasonable alternative route by which the driver can completely avoid the weight-restricted road.

¶ 20 *Doleno* was ultimately decided on the driver's third issue. The driver claimed the Commonwealth was required to prove the reason for the roadway's weight restriction; that is, whether the restriction is due to roadway conditions or traffic conditions. Citing *Commonwealth v. Geise*, 314 Pa.Super. 24, 460 A.2d 354 (1983), this Court agreed with the driver, noting that proof of the reason for the restriction was a necessary element of the Commonwealth's *prima facie* case. Such proof could consist of a document from the district engineer or the officer's testimony as to that document. Absent evidence of that element, the driver's conviction could not stand. Therefore, the *Doleno* Court

reversed the driver's conviction.[5]

¶ 21 In the instant case, the undisputed facts demonstrate Appellant made a local pick-up on Dynamite Road, which dead ends into the subject weight-restricted road. Appellant could not leave the immediate vicinity without traveling on the weight-restricted road. In fact, there was no reasonable alternative route whereby Appellant could have completely avoided Old Church Road. Although it tried, the Commonwealth failed to rebut Appellant's invocation of the statutory exemption. Instead, we conclude the uncontested facts of this case make clear Appellant was en route from a local pick-up on Dynamite Road, and the exemption applied under the plain language of the statute. Thus, *Doleno* is inapposite on its face.

¶ 22 Nevertheless, the Commonwealth seeks to expand the rebuttal theory of *Doleno* and require Appellant to use the shortest distance on the weight-restricted road. This proposed extension is contrary to the plain text of 75 Pa.C.S.A. § 4902(a). *See Booth, supra; Cluck, supra.* Nothing in the statute requires a driver, legitimately acting under the exemption, to calculate the shortest travel distance on the weight-restricted road. To the contrary, the clear language of Section 4902(a) leads us to conclude the Commonwealth's interpretation of the statute is an unwarranted extension of liability under the statute, as it imbues the statute with an additional element that creates a new offense. *See id.*

¶ 23 Additionally, no one argued statutory ambiguity. Therefore, consideration of the perceived "object" or "purpose" of the statute is inappropriate. *See In Re Canvass of Absentee Ballots of November 4, 2003 General Election, supra.* While we

appreciate the trial court's concern regarding the condition of local roads, local or regional policies do not act to broaden the ambit of this statute. Moreover, even if the statute were ambiguous, that doubt would have to be resolved in favor of lenity. *See Cluck, supra.*

¶ 24 Further, the Commonwealth's position does not comport with the "reasonable alternative route" concept suggested in *Doleno.* Here, the Commonwealth recommended Appellant should have turned left, traveled a shorter stretch on the weight-restricted portion of Old Church Road, returned to Robesonia–Bernville Road, followed Robesonia–Bernville Road west 4 miles to Route 183, and then backtracked an unknown distance east on Route 183 to his final destination. Because the alternative route was offered as rebuttal to Appellant's claimed exemption, the Commonwealth had to demonstrate the alternative route was reasonable. *See, e.g., Andy's Excavating, Inc. v. City of Easton,* 38 Pa. D. & C.3d 498 (Pa.Com.Pl. Northampton Cty., 1985), *affirmed,* 97 Pa.Cmwlth. 412, 509 A.2d 969 (1986) (exploring concept of "reasonable alternative route," in context of this statute, in terms of feasibility and safety concerns, including distance and increased travel time). Instead, the Commonwealth offered an alternative route that would have considerably increased Appellant's overall travel distance and time, while it offered nothing in terms of feasibility, safety, or environmental concerns. When we consider the practical consequences of the Commonwealth's proposal, application of *Doleno* to the facts of this case would yield an absurd construction of the statute. *See Diakatos, supra.*

¶ 25 Based on the foregoing, we hold the plain language of Section 4902(a) did not

---

5. Here, the Commonwealth provided a document from the appropriate authority indicating the weight restriction on Old Church Road was imposed due to roadway conditions pursuant to Section 4902(a).

require Appellant to determine the shortest route of travel on a weight-restricted road, where Appellant could not, under the circumstances of this case, completely avoid the weight-restricted area of Old Church Road. Thus, Appellant qualified under the exemption in Section 4902(a). Accordingly, we reverse, and vacate Appellant's judgment of sentence.

¶ 26 Judgment of sentence vacated.