**SAWINK, INC., Germantown Cab Company, and Rosemont Taxicab Co., Inc., Petitioners**

v.

**PHILADELPHIA PARKING AUTHORITY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 2011.

Decided Jan. 6, 2012.

Michael S. Henry, Philadelphia, for petitioners.

Bryan L. Heulitt, Jr. and Dennis G. Weldon, Jr., Philadelphia, and Alan C. Kohler, Harrisburg, for respondent.

John E. Herzog, Harrisburg, for amicus curiae Public Utility Commission.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.[1]

OPINION BY Judge LEAVITT.

Sawink, Inc., Germantown Cab Company and Rosemont Taxicab Co., Inc. (Petitioners) have filed a petition for review in this Court's original jurisdiction. Petitioners are taxicab companies operating under a certificate of public convenience issued by the Public Utility Commission and do not have medallions issued by the Philadelphia Parking Authority. As such, Petitioners have limited authority to operate within the City of Philadelphia. When some of Petitioners' drivers exceeded those limits, the Parking Authority impounded their cabs. Petitioners seek declaratory and equitable relief to enjoin the Parking Authority's impoundments, asserting that the legislature has not authorized this sanction for a territorial violation. Before the Court is Petitioners' request for summary relief, which we shall grant.[2]

A taxicab with a certificate from the Pennsylvania Public Utility Commission (PUC) can drive passengers into the City of Philadelphia but, as a general proposition, they may not thereafter provide further "call or demand" service within the City. 53 Pa.C.S. § 5714(a), (d)(1)(i).[3] *See also Germantown Cab Co. v. Philadelphia Parking Authority*, 993 A.2d 933, 935 n. 6 (Pa.Cmwlth.2010), *appeal granted*, 609 Pa. 59, 14 A.3d 821 (2011).

The relevant facts in this case are not in dispute. Petitioner Sawink is authorized by the PUC to provide call or demand service anywhere in Pennsylvania, except Philadelphia. Petition for Review, ¶ 1. Petitioner Germantown Cab is authorized by the PUC to provide call or demand service in a territory that includes part of Philadelphia and part of Montgomery County. *Id.* at ¶ 2. Finally, Petitioner Rosemont is authorized by the PUC to provide call or demand service in a territory that includes part of Philadelphia and part of Delaware and Montgomery Counties. *Id.* at ¶ 3. In January 2011, the Parking Authority instituted a sting operation in which Authority investigators asked several cab drivers, employed by Petitioners, to provide them passenger service. *Id.* at ¶ 7. When the drivers agreed, their cabs were confiscated and impounded for operating outside their licensed territory. *Id.*

Petitioners responded to the impoundment with the instant petition for review, seeking declaratory and equitable relief. The petition acknowledges that Petitioners' cab drivers violated Section 5714 of what is commonly known as the Parking Authority Law, 53 Pa.C.S. §§ 5501–5517, 5701–5745. However, the petition asserts that the Parking Authority lacked the statutory authority to impound their taxicabs for these violations. Petition for Review, ¶¶ 14–19. Petitioners contend that Section 5714 limits the available sanctions to a summary offense or civil penalty. *Id.* at ¶ 16. In the alternative, the petition for review asserts that even if the Parking Authority had the statutory power to impound their taxicabs, it exercised that power in a way that violated their constitutional right to be free from unreasonable seizures. *Id.* at ¶ 23. Petitioners reason

---

1. This case was decided before Judge Butler's term ended on January 2, 2012.

2. Petitioners filed a motion for summary relief under Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, which states:

> (b) Summary relief. At any time after the filing of a petition for review in an appel-

late or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear.

Pa. R.A.P. 1532(b).

3. The full text of Section 5714 appears in the text of this opinion, *infra*.

that even under the Parking Authority's construction of Section 5714, the Parking Authority is not *required* to impound vehicles. *Id.* at ¶ 24. Confiscation is constitutional only where it advances an agency's "reasonable community caretaking functions." *Id.* at ¶ 26. Petitioners assert that the Parking Authority has no responsibility for the quality of Petitioners' service; rather, the PUC has this responsibility. Accordingly, impoundment did not advance any community caretaking duty of the Parking Authority.

The Parking Authority filed an answer, admitting that each Petitioner holds a valid certificate of public convenience from the PUC. The Authority also admitted that it impounded Petitioners' taxicabs because they responded to a "hail" within the City of Philadelphia, which is a territorial violation. The Authority asserted that it was permitted by statute to impound Petitioners' taxicabs for such conduct and denied that impoundment violated Petitioners' constitutional rights. First, the Authority posits that the Fourth Amendment of the United States Constitution is not applicable to the Parking Authority when it acts under statutory authority. Second, the Authority asserts that it fulfilled a reasonable community caretaking function because it removed a potential threat to "a clean, safe, reliable and well-regulated taxicab ... industry," as envisioned in Section 5701.1(2) of the Law, when it impounded Petitioners' taxicabs.[4]

Section 5714 of the Law governs this case. Section 5714 states, as follows:

(a) **Procedure.**—*A vehicle may not be operated as a taxicab with citywide call or demand rights in cities of the first class unless a certificate of public convenience is issued by an authority authorizing the operation of the taxicab and a medallion is attached to the hood of the vehicle.* Prior to the issuance of a medallion, the certificate holder shall have its vehicle inspected by the authority. The authority shall require, by order or regulation, that each medallion holder submit to a periodic vehicle inspection of its taxicab by authority personnel to ensure that the vehicle meets the requirements of this subchapter and authority regulations. Authority inspection requirements shall be in addition to the vehicle requirements set forth in Title 75 (relating to vehicles). Authority inspection and recording re-

---

4. By order dated August 3, 2011, this Court ordered oral argument on the following issues:

(1) Whether the Philadelphia Parking Authority has the authority to regulate taxicabs that are certified by the Pennsylvania Public Utility Commission when they operate within the City of Philadelphia.

(2) Whether Section 5714(e) of the Parking [Authority] Law, 53 Pa.C.S. § 5714(e), pertaining to "certificated taxicabs," sets forth the maximum penalty that can be imposed upon a taxicab, certified by the Public Utility Commission, that commits a territorial violation proscribed by Section 5714(a) of the Parking [Authority] Law.

(3) Whether Section 5714(g), which provides for confiscation and impoundment of vehicles, was intended to apply to a taxicab that is certified by the Public Utility Commission and commits a territorial violation proscribed by 53 Pa.C.S. § 5714(a) and, if so, whether that construction of 53 Pa.C.S. § 5714(g) violates Petitioners' right to be free from unreasonable search and seizure.

The order also invited the Public Utility Commission to present its view of Section 5714. It did not do so. John Herzog, Assistant Counsel to the Public Utility Commission, made brief argument generally in support of the Parking Authority. Herzog was clear, however, that he did not speak on behalf of the Commission and that the views he expressed were his own.

quirements shall be established by regulations. No vehicle which is more than eight years old shall continue in operation as a taxicab. Notwithstanding the foregoing, the authority may authorize the operation of antique vehicles in call or demand service in such circumstances as the authority may deem appropriate. Each medallion holder's tariff rates shall be clearly and visibly displayed in each taxicab. A medallion shall not be removed from a vehicle without prior notification to and permission of the authority. A medallion authorizes operation of a vehicle as a taxicab only for the fiscal year for which the medallion is issued.

(b) **Protective barrier.**—Each taxicab within cities of the first class shall be equipped with a protective barrier for the protection of the driver, separating the front seat from the back seat. The authority may provide for additional driver protection measures by order or regulation.

(c) **Service.**—A vehicle authorized by a certificate to provide call or demand service within cities of the first class may transport persons and their baggage upon call or demand and parcels, packages and property at the same basic metered rates charged to passengers:

(1) between points in the city of the first class for which its certificate is issued;

(2) from any point in the city of the first class for which its certificate is issued to any point in this Commonwealth;

(3) from any point in this Commonwealth to any point in the city of the first class for which its certificate is issued if the request for service for such transportation is received by call to its centralized dispatch system; and

(4) from any point in the city of the first class for which its certificate is issued to any point outside this Commonwealth as a continuous part of a trip.

(d) **Other vehicles.**—

(1) *A vehicle which is not authorized by a certificate to provide call or demand service within cities of the first class but which is operated by the holder of a certificate of public convenience from the Pennsylvania Public Utility Commission authorizing call or demand service elsewhere in this Commonwealth* may transport persons and property:

(i) to cities of the first class in accordance with the service authorized under its certificate of public convenience; and

(ii) from any point in a city of the first class to any point in this Commonwealth beyond that city of the first class if the request for service for such transportation is received by call to its radio dispatch service.

\*　　\*　　\*

(e) **Penalties involving certificated taxicabs.**—*Operating a certificated taxicab in violation of subsections (a) and (b)* or authorizing or permitting such operation is a nontraffic summary offense. Offenders of subsections (a) and (b) may also be subject to civil penalties pursuant to section 5725 (relating to civil penalties).

(f) **Unauthorized vehicles.**—*Operating an unauthorized vehicle as a taxicab,* or giving the appearance of offering call or demand service with an unauthorized vehicle, *without first having received a certificate of public convenience and a medallion* is a nontraffic

summary offense in the first instance and a misdemeanor of the third degree for each offense thereafter. The owner and the driver of a vehicle being operated as or appearing as a taxicab without a certificate of public convenience and a medallion are also subject to civil penalties pursuant to section 5725. Civil penalties which have been assessed and collected shall be deposited in the fund.

(g) **Confiscation and impoundment of vehicles.**—

(1) *In addition to penalties provided for in subsection (f), the authority is empowered to confiscate and impound vehicles, medallions and equipment which are utilized to provide call or demand service* without a proper certificate of public convenience in cities of the first class or which are in violation of regulations of the authority. Upon satisfaction of all penalties imposed and all outstanding fines assessed against the owner or operator of the confiscated vehicle and payment of the costs of the authority associated with confiscation and impoundment, the vehicle, medallion and equipment shall be returned to its registered owner or registered lienholder.

(2)(i) If an owner or operator does not satisfy all penalties imposed and all outstanding fines assessed within 45 days of the date of impoundment, the authority may publicly auction all confiscated property.

\* \* \*

53 Pa.C.S. § 5714 (emphasis added).

 Parsing the full text of Section 5714 supports a grant of summary relief to Petitioners. Section 5714(g) does not empower the Authority to impound taxicabs licensed by the PUC when they commit a territorial violation proscribed by Subsection (a) of Section 5714, *i.e.,* picking up a hail in Philadelphia. At a minimum, the statute is ambiguous, which requires a narrow construction of the impoundment penalty in favor of Petitioners.

Section 5714 addresses two types of taxicab vehicles that operate in Philadelphia: those with a certificate of public convenience from the Parking Authority and those with a certificate of public convenience issued by the PUC. The first sentence of Subsection (a) of Section 5714 establishes the violation that Petitioners were found to have committed. It states:

A vehicle may not be operated as a taxicab with citywide call or demand rights in cities of the first class unless a certificate of public convenience is issued by *an authority* authorizing the operation of the taxicab and a medallion is attached to the hood of the vehicle.

53 Pa.C.S. § 5714(a) (emphasis added). Subsection (e), entitled "Penalties Involving Certificated Taxicabs," establishes the sanction for a taxicab that violates the territorial rule stated in Subsection (a): the offender commits a "nontraffic summary offense" and "may also be subject to civil penalties pursuant to section 5725 (relating to civil penalties)." 53 Pa.C.S. § 5714(e). Subsection (e) does not state that in addition to the penalties in Section 5725, offenders may also have their certificated taxicabs impounded under Section 5714(g). The maxim *expressio unius est exclusio alterius* provides that the inclusion of a specific matter in a statutory provision implies the exclusion of others. *Office of Attorney General v. East Brunswick Township,* 980 A.2d 720, 734 (Pa. Cmwlth.2009) (holding that the township could not add to the remedies listed in the Solid Waste Management Act because it must be presumed that the legislature

intended to forbid any other remedies). Accordingly, we must presume that. the sanctions for violating the territorial limit stated in subsection (a) are limited to those listed in subsection (e), and they do not include the impoundment remedy in subsection (g).

The title of Subsection (e), *i.e.,* "Penalties Involving Certificated Taxicabs," must also be considered. The Parking Authority reads the title of Subsection (f), "Unauthorized Vehicles," to be identical to "Certificated Taxicabs" in the title of Subsection (e). However, the legislature chose different words in the title of each subsection, and there must be some significance to that difference. An "unauthorized vehicle" designates a vehicle that does not have a valid certificate of public convenience from any source. A "certificated taxicab," by contrast, has a license issued by some authority, either the Parking Authority or the PUC.

Subsection (g) does not authorize the Parking Authority to impound a certificated taxicab operating in Philadelphia that violates Subsection (a) by providing hail service. First, Subsection (g) begins by stating "[i]n addition to penalties provided for in subsection (f)...." 53 Pa.C.S. § 5714(g)(1). It does not add to the penalties in Subsection (e). Second, Subsection (g) does not state that impoundment applies to taxicabs missing a medallion but having a certificate. Rather, Subsection (g) states that impoundment will apply to "vehicles" lacking "a proper certificate of public convenience." 53 Pa.C.S. § 5714(g). Stated otherwise, the impoundment penalty is targeted at the more serious scofflaws: those that do not have a valid certificate from any authority. Examples include persons driving a vehicle after its certificate has been suspended, using a forged certificate, not having a

certificate at all, or using a valid certificate improperly by borrowing it from a friend. All are examples of driving a vehicle without a "proper" certificate. By contrast, the taxicabs owned by Petitioners have "proper certificates of public convenience," even though they may not be in full compliance with the rights and duties conferred by those certificates.

The risk of having unlicensed scofflaws providing taxicab services in Philadelphia is the harm for which the impoundment remedy was created. It does not extend to vehicles licensed by the PUC that commit a territorial violation proscribed by Subsection (a). The latter violations are covered by Subsection (e) and the sanctions provided therein.

If the legislature had wanted to make *any* vehicle that violates any part of Section 5714 subject to impoundment, it easily could have said so, but it did not. It specifically separated "certificated taxicabs" from "unauthorized vehicles." In effect, the Parking Authority's reading of the statute renders Subsection (e) mere surplusage, a result that is to be avoided in statutory construction. *Department of Conservation and Natural Resources v. Office of Open Records,* 1 A.3d 929, 938 (Pa.Cmwlth.2010).

 Finally, to the extent that Section 5714 is capable of more than one interpretation, as evidenced by the divergent interpretations of the Parking Authority and the Petitioners, the statute is, at best, ambiguous. Under these circumstances, the rule of lenity applies. This rule requires a statutory penalty, such as impoundment, to be read in favor of the respondent or defendant. *Commonwealth v. Reaser,* 851 A.2d 144, 148–149 (Pa.Super.2004).[5] Further, if there is an ambigu-

---

**5.** Consistent with the rule of lenity, the Statu- tory Construction Act of 1972, 1 Pa.C.S.

ity or doubt, courts must interpret the statute in the light most favorable to the accused. *Id.* The rule of lenity provides "a means of assuring fairness to persons subject to the law by requiring penal statutes to give clear and unequivocal warning in language that people generally would understand, as to what actions would expose them to liability for penalties and what the penalties would be." *Id.* at 149 (quoting *Commonwealth v. Cluck,* 252 Pa.Super. 228, 381 A.2d 472, 477 (1977)). Because Section 5714(g) is unclear, it must be construed in favor of Petitioners and against the Parking Authority. Even the Parking Authority admits that Section 5714 "is not a model of clarity." Parking Authority Brief at 15.

■ An administrative agency, such as the Parking Authority, can exercise only those powers that the legislature has conferred upon it "in clear and unmistakable language." *Aetna Casualty and Surety Company v. Insurance Department,* 536 Pa. 105, 118, 638 A.2d 194, 200 (1994) (citing *Human Relations Commission v. Transit Casualty Insurance Co.,* 478 Pa. 430, 438, 387 A.2d 58, 62 (1978)). Here, the legislature has not clearly and unmistakenly conferred upon the Parking Authority the power to impound taxicabs certificated by the PUC that violate the territorial rules for such taxicabs. Accordingly, the Parking Authority must limit sanctions for such conduct to those listed in Section 5714(e).

For the above-stated reasons, we hold that Section 5714 of the Parking Authority Law does not authorize the impoundment sanction where a taxicab, certificated by the PUC, accepts a hail in Philadelphia in

violation of Section 5714(a). Thus, we grant Petitioners summary relief.

President Judge LEADBETTER dissents.

### ORDER

AND NOW, this 6th day of January, 2012, the motion for summary relief filed by Sawink, Inc., Germantown Cab Company and Rosemont Taxicab Co., Inc. is hereby GRANTED. The Philadelphia Parking Authority is enjoined from confiscating or impounding the taxicabs of Sawink, Inc., Germantown Cab Company and Rosemont Taxicab Co., Inc. where one of its taxicabs has committed a violation of Section 5714(a) of the act commonly known as the Parking Authority Law, 53 Pa.C.S. § 5714(a), in a manner consistent with the conduct that prompted the impoundments referenced in the above-captioned petition for review. This injunction does not restrict the Philadelphia Parking Authority with respect to the imposition of other sanctions authorized by the Parking Authority Law.

§ 1928, requires that every penal provision, whether in a civil or criminal statute, be con- strued strictly.