J-A19032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT CURTIS, | : | |
| | : | |
| Appellant | : | No. 747 WDA 2014 |

Appeal from the Judgment of Sentence entered on April 16, 2014
in the Court of Common Pleas of Washington County,
Criminal Division, No. CP-63-SA-0000042-2014

BEFORE:  BENDER, P.J.E., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED OCTOBER 19, 2015**

Robert Curtis ("Curtis") appeals from the judgment of sentence imposed following his conviction of the summary offense of Vehicle Size/Weight Limits.  *See* 75 Pa.C.S.A. § 4902(a).  We affirm.

On November 19, 2013, Curtis was contracted by Sihol Building Supply to deliver cement to a delivery site on Burgettstown Road in Findlay Township, Allegheny County, for Mosites Construction Company.  Curtis was driving a cement truck on Old Steubenville Pike and turned onto Ridge Road, in Robinson Township, Washington County.  Old Steubenville Pike is weight-restricted to a 10 ton/20,000 pound weight limit, and there is signage indicating the weight limit at every intersection.  Officer William Nimal ("Officer Nimal"), a certified weight master for the McDonald Police Department, saw the truck had bulging tires and suspected that the truck

was carrying weight over the posted limit. After stopping the vehicle on Ridge Road, Officer Nimal called Officer Patrick Farkas ("Officer Farkas"), another certified weight master and member of the McDonald Borough Police Department, for assistance. Officer Farkas brought portable scales and weighed each axle on the vehicle. Officer Farkas determined the weight of the vehicle, with its load, was 68,191 pounds. Accordingly, a citation was issued and fine assessed based on the truck weighing 48,191 pounds over the maximum allowable weight.

A *de novo* non-jury trial was held on April 16, 2014. After hearing the evidence, the trial court found Curtis guilty under Section 4902(a), sentenced him to pay the costs of prosecution and to pay a fine of $13,800.00,[1] plus E.M.S. and MCARE surcharges. Curtis filed a timely Notice of Appeal and a timely court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

---

[1] Section 4902 sets forth the penalty for a violation of subsection (a) as follows:

**(g) Penalty.**

> (1) Any person operating a vehicle or combination upon a highway or bridge in violation of a prohibition or restriction imposed under subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $75, except that any person convicted of operating a vehicle with a gross weight in excess of a posted weight shall, upon conviction, be sentenced to pay a fine of $150 plus $150 for each 500 pounds, or part thereof, in excess of 3,000 pounds over the maximum allowable weight.

75 Pa.C.S.A. § 4902(g).

On appeal, Curtis raises the following question for our review: "Did the trial court err as a matter of law or abuse its discretion in finding [Curtis] guilty of violating 75 Pa.C.S.A. §[]4902(a) of the PA Motor Vehicle Code?" Brief for Appellant at 4 (some capitalization omitted).

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The relevant portion of the Vehicle Code, Section 4902(a), states as follows:

**(a) Restrictions based on condition of highway or bridge.**

(1) The Commonwealth and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge only when they determine by conducting an engineering and traffic study as provided for in department regulations that the highway or bridge may be damaged or destroyed unless use by vehicles is prohibited or the permissible size or weight of vehicles is reduced.

(2) School buses, emergency vehicles and vehicles making local deliveries or pickups may be exempted from restrictions on the use of highways imposed under this subsection.

75 Pa.C.S.A. § 4902(a).

"With respect to Section 4902, if a driver testifies that he was acting under the local pick-up or delivery exemption to Section 4902(a), the Commonwealth can rebut this testimony with evidence of an alternative route by which the driver could have avoided the weight-restricted road entirely." **Commonwealth v. Reaser**, 851 A.2d 144, 149 (Pa. Super. 2004); **see Commonwealth v. Doleno**, 633 A.2d 203, 206 (Pa. Super. 1993). If the Commonwealth offers an alternative route as rebuttal to the local pick-up or delivery exemption, the Commonwealth must demonstrate that the alternative route was reasonable. **Reaser**, 851 A.2d at 151.

Curtis asserts that he was subject to the local delivery exemption in Section 4902(a). Brief for Appellant at 10-12; **see also id.** at 12 (wherein Curtis argues that the trial court erred in concluding that the local delivery exemption may apply in Findley Township, but not in other weight-restricted

- 4 -

areas, such as Washington County). Curtis contends that the Commonwealth's alternative route is unreasonable and insufficient to rebut the exemption. *Id.* at 11-12. Curtis argues that the Commonwealth's alternative route would have "(1) required Curtis to travel a longer distance, (2) made [Curtis's] trip longer, (3) required Curtis to utilize a toll road, and (4) would have still required Curtis to traverse a weight-restricted road." *Id.* at 11 (citations omitted).

At trial, Officer Nimal testified that commercial vehicles generally use routes 22 and 30, and then access toll road 576, which runs parallel to Old Stuebenville Pike, when traveling to a destination on Burgettstown Road. N.T., 2/24/15, at 6. When Officer Nimal asked Curtis why he did not take the alternative route, Curtis indicated that his boss or his company would not pay for the tolls. *Id.* at 6-8. According to Officer Nimal, the alternative route would have allowed Curtis to avoid a citation in Robinson Township on the way to the delivery site in Findlay Township. *Id.* at 11.

Officer Farkas testified, that as a certified Weight Master, he and Officer Nimal were certified in weighing vehicles. *Id.* at 14. Officer Farkas stated that he used a scale calibrated by the Pennsylvania State Police when weighing Curtis's cement truck. *Id.* at 15. The Officers weighed the four axles of the vehicle, took the total weight and subtracted the 3% tolerance mandated by the Commonwealth, which resulted in a total of 68,191 pounds. *Id.* at 16.

Here, it is undisputed that Curtis was driving a truck that exceeded the posted weight limits on Old Steubenville Pike Road in Robinson Township. Though Curtis may have had to travel over a weight-restricted road in Findlay Township where he had to make his delivery, the local delivery exemption does not extend to *all* weight-restricted roads on the way to a delivery site. Significantly, Curtis could have taken routes 22 and 30, and toll road 576, as a reasonable alternative route to avoid Old Steubenville Pike. The alternative route runs parallel to Old Steubenville Pike, would not significantly increase Curtis's travel distance or time, and would have enabled Curtis to avoid any weight-restricted road in Robinson Township. Moreover, the fact that the alternate route includes a toll road does not make this route unreasonable. **See** 75 Pa.C.S.A. § 4902(d) (stating that in "conjunction with the exercise of the powers set forth in subsections (a) and (b), the Commonwealth may designate alternate routes for vehicles in excess of specified weights or sizes" and that such "alternate routes may utilize portions of the Pennsylvania Turnpike"). Thus, the Commonwealth's proposed alternative route, to rebut the local delivery exemption, is reasonable. **See Doleno**, 633 A.2d at 206 (stating that the evidence was sufficient to rebut the local delivery exemption where the officer outlined a route by which Doleno could have driven from one pick-up to the next

without using the weight-restricted road).[2]

Based on the foregoing, the evidence is sufficient to sustain Curtis's Section 4902(a) conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2015

---

[2] Curtis relies on our decision in **Reaser** to argue the Commonwealth's alternative route is unreasonable, and that the trial court applied the law in a manner that would yield an absurd construction of the statute. Brief for Appellant at 10-12. In **Reaser**, this Court determined that no alternative route to the delivery site was reasonable when the deliverer had to travel on a weight-restricted road to get to a delivery site at the end of a cul-de-sac. **Reaser**, 851 A.2d at 151. Therefore, there was no reasonable alternative route where the driver could avoid the weight-restricted road. **Id.** However, unlike **Reaser**, Curtis was not on the road that was connected to the delivery site, but was passing through another township when he violated the Vehicle Code. Further, while the **Reaser** Court concluded there were no reasonable alternative routes, the evidence here establishes that Curtis did have a reasonable alternative route.