J-S24012-20

2020 PA Super 295

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVAN D. BALLARD | : | |
| | : | |
| Appellant | : | No. 2662 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 5, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000845-2019

BEFORE:   BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

CONCURRING & DISSENTING OPINION BY BENDER, P.J.E.:

**FILED DECEMBER 22, 2020**

I concur with the Majority's rationale for reversing Appellant's conviction for identity theft.  However, I must respectfully disagree with the Majority's conclusion that the evidence was sufficient to sustain Appellant's conviction for access device fraud.  Accordingly, I concur and dissent.

I part with the Majority on the meaning of the phrase, "can be used," in the definition of "access device."  **See** 18 Pa.C.S. § 4106(d).  Citing Merriam-Webster's Online Dictionary, the Majority states that the word "'can' means 'be inherently able or designed to' and is 'used to indicate possibility.'" Majority Opinion at 7 (footnote omitted).  The Majority then concludes that any credit card, whether capable of working or not, "is an access device because it is a card designed 'to obtain money, good[s], services, or anything

_____

[*] Retired Senior Judge assigned to the Superior Court.

else of value' and/or designed 'to transfer funds.'" ***Id.*** (quoting 18 Pa.C.S. § 4106(d)).

However, as the Majority recognizes, we must construe statutory language according to its common usage. ***See id.*** (quoting ***Commonwealth v. Hall***, 80 A.3d 1204, 1212 (Pa. 2013)). In my view, the common usage of the word "can" is "be physically or mentally able to," which is the first definition listed in the same dictionary cited by the Majority.[1] Additionally, the at-issue statutory phrase also contains the word "used," which means "employed in accomplishing something[.]"[2] Therefore, the common usage of the phrase, "can be used," requires that a credit card be physically able to be employed to "obtain money, goods, services or anything else of value[,] or … to transfer funds" to constitute an "access device." 18 Pa.C.S. § 4106(d).

This interpretation does not "produce the absurd result of penalizing individuals who cancel stolen or missing credit cards and absolving defendants who happen to have stolen from a prudent card-holder." Majority Opinion at 8. If an individual intends to commit access device fraud, and takes "a substantial step toward the commission of that crime" by stealing a working credit card, he or she could be prosecuted for attempted access device fraud

---

[1]	*Can*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/can (last visited Nov. 18, 2020).

[2]	*Used*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/used (last visited Nov. 18, 2020).

(or theft), regardless of whether the owner canceled the card. ***See*** 18 Pa.C.S. § 901(a) (defining criminal attempt).

Accordingly, I would conclude that, to sustain Appellant's conviction under 18 Pa.C.S. § 4106(a)(3), the Commonwealth was required to prove that he possessed a credit card that was able to be employed to "obtain money, goods, services or anything else of value or … to transfer funds."  18 Pa.C.S. § 4106(d).[3]  The Commonwealth failed to meet this burden.  No witness observed Appellant (or anyone else) use, or attempt to use, any of the cards found in his possession.  Moreover, while Officer Fuller's testimony established that there were account numbers linked to four of the cards, the officer did not testify that he verified the authenticity of those account numbers, or that the return of account numbers on the scanner proved — or even circumstantially suggested — that the cards could be used to obtain cash, make a purchase, or transfer funds.  Therefore, I would hold that the Commonwealth did not present sufficient evidence to establish that any credit card possessed by Appellant was an "access device," and I would reverse his conviction for that offense.

---

[3] This panel's disagreement regarding the meaning of the statutory language may arguably establish its ambiguity. ***See, e.g.***, ***Commonwealth v. Giulian***, 141 A.3d 1262, 1268 (Pa. 2016) ("When the parties read a statute in two different ways and the statutory language is reasonably capable of either construction, the language is ambiguous.").  In that case, I would still hold that my interpretation of the statute prevails under the rule of lenity. ***See Commonwealth v. Reaser***, 851 A.2d 144, 149 (Pa. Super. 2004) ("Any ambiguity concerning the ambit of a penal statute must be resolved in favor of lenity.").