J-S14002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELWOOD WALTON | : | |
| | : | |
| Appellant | : | No. 2157 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 18, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003959-2022

BEFORE:  DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 23, 2025**

Appellant, Elwood Walton, appeals from the April 18, 2024 judgment of sentence of life imprisonment entered in the Philadelphia County Court of Common Pleas following Appellant's conviction by a jury of First-Degree Murder, Possessing an Instrument of Crime, and Abuse of Corpse.[1] Appellant's counsel, George Yacoubian, Jr., Esquire, has filed a petition to withdraw as counsel and an **_Anders_**[2] brief to which Appellant has not filed a response.  The **_Anders_** brief presents challenges to the weight of the evidence supporting Appellant's First-Degree Murder and Abuse of Corpse convictions and the sufficiency of the evidence in support of his First-Degree Murder

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a), 907(a), and 5510, respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967); **_see also Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

conviction. Upon review, we agree with counsel that the appeal is wholly frivolous, affirm the judgment of sentence, and grant counsel's petition to withdraw.

The relevant facts and procedural history, as gleaned from the notes of testimony and the trial court's December 6, 2024 opinion, are as follows. On October 15, 2020, Appellant arrived at the 18th District Police Station and reported to Sergeants Robert Green and Carlos Rodriguez that he had "killed someone." N.T., 4/15/24, at 53. Sergeant Matthew Stankiewicz was standing nearby, overheard Appellant's statement, and activated his body-worn camera. Appellant provided the officers with an address of the crime scene, and Sgt. Stankiewicz radioed for officers to investigate the location.

Officer Kyle McCabe and his partner Officer Dardecki[3] received a call to conduct a "wellness check for a female that might be harmed or possibly deceased" inside the address provided by Appellant. N.T., 4/16/24, at 9. At the given location, the officers turned on their body-worn cameras, found a key in a locked door, announced themselves, and entered the dark home. Guided by flashlight, Officer McCabe saw a pile of clothing and random objects in the middle of the first floor. He wore gloves to dig though the pile and ultimately located a female body, later identified as Marilyn Zellars. Ms. Zellars's body was naked and cold, with no pulse, and displayed bruises and cuts on the face, and stab wounds to the stomach.

_____

[3] Officer Dardecki's first name does not appear in the record.

- 2 -

Early the next morning, the Crime Scene Unit responded to the scene to collect evidence and take photos. Officer Robert Flade noted finding the following items: a blood-stained paper towel; Ms. Zellars surrounded by and covered with trash, bags and debris; white powder cleaner such as Comet or Ajax on Ms. Zellars's body; food wrappers near her head; a cell phone; bleach stains on the rug; human hair on the steps; bloodstains at the base of the staircase and on the walls throughout the home; blood streaks on the side of a bathtub, a honing rod knife sharpener; and a bleach bottle in the bathtub.

After providing Appellant with a **Miranda**[4] warning, Detective James Burke of the 18th District Homicide Division interviewed Appellant. In a recorded statement, Appellant confessed to killing Ms. Zellars inside the home. He indicated that, prior to the attack, he and Ms. Zellars had argued because she stole a penny from him. Appellant stated that Ms. Zellars denied stealing from him and conceded that he had used force against her and was responsible for her death.

The Commonwealth charged Appellant with the above offenses and Appellant proceeded to a jury trial represented by Attorney Yacoubian. The Commonwealth presented the testimony of numerous police officers, including Sgts. Green, Rodriguez, and Stankiewicz; Detective Burke; and Officer McCabe.

---

[4] **Miranda v. Arizona**, 384 U.S. 436 (1966).

Dr. Khalil Wardak, Assistant Medical Examiner for the City of Philadelphia, also testified, describing Ms. Zellars's injuries in detail and indicating that Ms. Zellars's immediate cause of death was "multiple blunt impact injuries" and the manner of her death was homicide. N.T., 4/16/24, at 75. Dr. Wardak estimated that Ms. Zellars had approximately 42 bruises all over her body, and a 20% loss of blood. He testified that Ms. Zellars sustained injuries to her head and face, her abdomen, her right shoulder, arm, and knees. He confirmed that the pointed edge of the knife sharpener police discovered at the crime scene was consistent with some of the strike lacerations found on Ms. Zellars's body and the wounds to her abdominal area were consistent with the wooden handle on the end of the knife sharpener. Dr. Wardak testified that Ms. Zellars's death was a "painful process" and that she had not died immediately from her wounds. *Id.* at 93.

The Commonwealth also played for the jury the recordings from Officer McCabe's body-worn camera and Appellant's recorded statement to Detective Burke confessing to Ms. Zellars's murder.

Appellant did not testify or present any witnesses to testify on his behalf.

Following its deliberations, the jury convicted Appellant of the above charges. Appellant immediately proceeded to sentencing, and the court imposed a term of life imprisonment for the First-Degree Murder conviction and no further penalty for the remaining convictions. Appellant filed a post-sentence motion, which was deemed denied by operation of law on August 18, 2024.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On December 16, 2024, Attorney Yacoubian filed in this Court a petition to withdraw as counsel and an *Anders* brief. As noted above, Appellant did not file a response to the *Anders* brief. Where, as here, counsel has filed a petition to withdraw and an accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015).

An attorney seeking to withdraw from representation on appeal must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), counsel must also:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous, and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Counsel's brief satisfies the **Anders** requirements. Additionally, in his petition to withdraw, counsel confirms that, on December 16, 2024, he sent a copy of the **Anders** brief as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. Motion to Withdraw as Counsel, 12/16/24, at ¶ 4; Response to Order, 12/17/24. **See Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (describing notice requirements).

Having confirmed counsel's compliance with the above requirements, we turn to the issues counsel raised in the **Anders** brief.

In the **Anders** brief, counsel indicates Appellant seeks to raise the following issues on appeal:

1. The verdicts on [F]irst-[D]egree [M]urder and [A]buse of [C]orpse were against the weight of the evidence[.]

2. The evidence was not sufficient to establish [Appellant's] guilt beyond a reasonable doubt as to [F]irst-[D]egree [M]urder, as the killing was not accomplished by means of poison, by lying in wait, or by any other willful, deliberate[,] and premediated killing.

**Anders** Brief at 6-7.

Appellant first challenges the weight the jury gave to the Commonwealth's evidence in support of his First-Degree Murder and Abuse of Corpse convictions. **Id.** at 8.

We apply the following well-settled standard of review to a challenge to the weight of the evidence: "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and

- 6 -

to determine the credibility of the witnesses." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). "Resolving contradictory testimony and questions of credibility are matters for" the finder of fact. ***Commonwealth v. Hopkins***, 747 A.2d 910, 917 (Pa. Super. 2000). We cannot substitute our judgment for that of the fact-finder. ***Talbert***, 129 A.3d at 546. "A decision regarding the weight of the evidence is within the sound discretion of the trial judge whose decision will not be reversed on appeal absent an abuse of that discretion." ***Commonwealth v. Dougherty***, 679 A.2d 779, 785 (Pa. Super. 1996) (citation omitted).

It is apparent from our review of the record that in reaching both guilty verdicts the jury credited the uncontradicted testimony of the Commonwealth's witnesses, as well as the body-worn camera footage, photographs, and physical evidence. In addition, with respect to the First-Degree Murder charge, the jury also gave due weight to Appellant's recorded confession that he "used force" against Ms. Zellars and was responsible for her death, which was corroborated by photographic, physical, and forensic evidence. We, therefore, discern no abuse of discretion in the trial court's denial of Appellant's weight of the evidence claim

\*\*\*

Appellant next challenges the sufficiency of the evidence underlying his First-Degree Murder conviction, specifically as it pertains to the *mens rea* element. ***Anders*** Brief at 9.

"When considering a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish every element of the offense beyond a reasonable doubt." *Commonwealth v. Reaser*, 851 A.2d 144, 147 (Pa. Super. 2004) (citation omitted). "In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder." *Commonwealth v. Melvin*, 103 A.3d 1, 39–40 (Pa. Super. 2014) (citation omitted). "[T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence." *Id.* (citation omitted). Additionally, the Commonwealth need not establish facts and circumstances that "preclude every possibility of innocence." *Commonwealth v. Estepp*, 17 A.3d 939, 943 (Pa. Super. 2011) (citation omitted). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* (citation omitted). Notably, the Commonwealth may sustain its burden by presenting wholly circumstantial evidence. *Melvin*, 103 A.3d at 40.

First-Degree Murder is a "willful, deliberate[,] and premeditated killing," *i.e.*, a killing committed with the specific intent to kill. 18 Pa.C.S. § 2502(a), (d); *Commonwealth v. O'Searo*, 352 A.2d 30, 35 (Pa. 1976). In order to sustain a First-Degree Murder conviction, the Commonwealth's evidence must

establish that the defendant: (1) killed a human being victim; (2) caused the victim's death; and (3) acted with malice and the specific intent to kill. ***Commonwealth v. Poplawski***, 130 A.3d 697, 709 (Pa. Super. 2015). "The jury may infer the intent to kill based upon the defendant's use of a deadly weapon on a vital part of the victim's body." ***Id.*** at 709. In addition, premeditation to kill "can be formulated in a fraction of a second." ***Commonwealth v. Jordan***, 65 A.3d 318, 323 (Pa. 2013). "The intimacy involved in stabbing one's victim to death clearly indicates malice and specific intent." ***Commonwealth v. Ballard***, 80 A.3d 380, 390 (Pa. 2013).

To prove that Appellant committed First-Degree Murder, the Commonwealth presented evidence that Appellant told police that he "killed someone" and confessed that he "used force" against Ms. Zellars and was "responsible for her death." N.T., 4/16/24, at 131; N.T., 4/17/24, at 54, 57. The Commonwealth also presented evidence that Appellant used a deadly weapon—a knife sharpener—to repeatedly cut and beat Ms. Zellars, inflicting numerous distinct injuries. Dr. Wardak's testimony confirmed that the lacerations on Ms. Zellars's body were consistent with the pointed edge of the knife sharpener and the wounds to her abdominal area were consistent with the sharpener's wooden handle.

Following our review, we conclude the record, viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to establish that Appellant acted with specific intent to kill when he repeatedly used a deadly weapon to cause excessive wounds to Ms. Zellars's body over a

prolonged period, which ultimately resulted in her death.   Furthermore, following our independent review, we discern no non-frivolous issues to be raised on appeal.   We, thus, affirm the judgment of sentence.

Judgment of Sentence affirmed.  Counsel's petition to withdraw granted.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/23/2025