460 A.2d 354

**COMMONWEALTH of Pennsylvania**

**v.**

**Gerard T. GEISE, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 18, 1982.

Filed May 13, 1983.

Robert Thomas Panowicz, Wilkes-Barre, for appellant.

Gailey C. Keller, District Attorney, Bloomsburg, for Commonwealth, appellee.

Before JOHNSON, WATKINS and LIPEZ, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Columbia County, Criminal Division, and involves the appellant-defendant's appeal from an order of the court below which found him guilty of violating *75 Pa.C.S.A. 4902(a)* and imposed a fine on him. Said violation constitutes a summary offense and involves weight restrictions imposed upon motor vehicles.

26

Defendant was charged with driving a truck loaded with cargo weighing 54,999 pounds over a bridge carrying a posted maximum weight limit of 26,000 pounds. After being found guilty of the charge by a district magistrate he appealed his conviction to the Court of Common Pleas where he was granted a de novo trial. During said trial, the defendant admitted that he drove the truck over the bridge knowing that it was overweight for the bridge weight limit. On appeal he argues that the Commonwealth did not sustain its burden of proof at his de novo summary trial because it failed to introduce evidence to the effect that the weight restriction on the bridge was imposed as the result of an engineering or traffic study demonstrating that the bridge might be damaged or destroyed if the restriction were not imposed. Defendant points out that *75 Pa.C.S.A. 4902* sets forth two reasons for the imposition of weight restrictions on bridges. Section *75 Pa.C.S.A. 4902(a)* deals with weight restrictions imposed because of the condition of the bridge; *75 Pa.C.S.A. 4902(b)* deals with weight restrictions imposed because of traffic conditions. The distinction is important because the penalties for violating *75 Pa.C. S.A. 4902(a)* are much more severe than those for violations of *75 Pa.C.S.A. 4902(b)*. See *75 Pa.C.S.A. 4902(g)*. Thus, as a necessary element of proving whether the violation was of subsection (a) or (b) it is required that the Commonwealth prove the reason for the posting of the weight limit on the bridge.

The defendant argues that the Commonwealth failed to prove the reason for the posting of the weight limit. However, during the summary trial the arresting officer, who had established his qualifications for weighing vehicles, testified as to a document "sent out by the district engineer stating that the bridge is posted because of deterioration." The defendant objected to this testimony claiming that the officer was not qualified to testify to any study that was done. The court then stated that the Commonwealth attorney, "may ask your next question." He then asked the officer as to the weight limit set forth on the

document for the bridge. Again the defendant's attorney objected claiming that the document was hearsay. The court then ruled that the officer could "testify to what he knows." The officer then testified that the posted weight limit for the bridge was thirteen ton (26,000 pounds). After the conclusion of the testimony the Commonwealth attorney moved for the introduction of several documents including the document discussed here. Defendant's attorney objected to the introduction of that document. The court stated that, "I think there is testimony to that effect" and sustained the objection. Defendant now argues that because the court below sustained his objections to the introduction of the aforesaid document that the Commonwealth failed in its burden of proving a necessary element of the offense. We do not agree. As pointed out earlier in our discussion and as pointed out by the court below the officer did testify that the reason for the posting of the bridge was its "deterioration," thus bringing defendant's violation squarely within the proscriptions of *4902(a)* of which he was convicted. While the court below probably should have admitted the document itself as the best evidence of what it said we cannot say that it erred by accepting the officer's testimony as to what the document said where the defendant objected to the introduction of the document itself and where the defendant's objection to the officer's testimony was based upon defendant's claim that the officer was not "qualified to testify to any study that was done." We hold that in order to prove the reason for the posting of a weight limit on any bridge or highway so as to distinguish between a violation of *4902(a)* and *4902(b)* of the Motor Vehicle Code the arresting officer may introduce a certified copy of a report by the Pennsylvania Department of Transportation district engineer setting forth the reason for weight restriction. Because evidence of the reason for the weight restriction was produced in this case, we affirm the defendant's conviction for violating said restrictions.

Order affirmed.