633 A.2d 203

COMMONWEALTH of Pennsylvania

v.

Harry G. DOLENO, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 14, 1992.

Filed Nov. 4, 1993.

2

Robert H. Lang, Pittsburgh, for appellant.

Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

HESTER, Judge:

Harry G. Doleno appeals from the January 30, 1992 judgment of sentence [1] of the Court of Common Pleas of Allegheny County. After his hearing, appellant was found guilty and fined $12,460.00 plus costs. For the reasons set forth, we are constrained to vacate the judgment of sentence and discharge appellant.

The procedural history of this case may be summarized as follows. On November 8, 1989, Bethel Park Police Officer Robert D. Gary, Jr. cited appellant for driving a vehicle over the restricted weight or size limit in violation of The Pennsylvania Motor Vehicle Code, 75 Pa.C.S. § 4902(a). A violation of this section constitutes a summary offense. On January 29, 1990, a District Justice found appellant guilty and levied the noted fine in accord with that subsection.

On February 9, 1990, appellant filed an appeal from the summary conviction to the Allegheny County Court of Common Pleas and a trial date was set for March 19, 1990. Neither appellant nor his counsel appeared for the trial which, nonetheless, was held *in absentia*. Appellant was found guilty and fined $12,460.00 plus costs. Appellant filed exceptions with the trial court. In a June 29, 1990 hearing, appellant's attorney accepted full responsibility for his and appellant's absence, claiming that his own error in transcribing the trial date resulted in the *ex parte* trial. After appellant's motion for arrest of judgment was denied, he filed a notice of appeal with this court. We reversed the judgment of the Court of Common Pleas and remanded the case for a new trial.

At trial, Officer Gary testified that he saw appellant driving a J & J Doleno Refuse truck on Clifton Road, a restricted roadway. The officer testified that in accordance with PennDot specifications, vehicles using the roadway are not to

---

1. We note that the caption indicates that the present appeal was taken from the order of court dated March 10, 1992, the date on which the trial court entered the order denying appellant's post-trial motions. Such orders are non-appealable. Therefore, despite the statement contained in the caption, we treat the present appeal as having been taken from the judgment of sentence entered January 30, 1992.

4

exceed a maximum weight of ten tons unless the driver is making a local delivery on the roadway. However, the officer stated specifically that he did not remember why the roadway had a restricted weight.

After stopping appellant, the officer asked him if he was making a local pick-up. When appellant replied that he was not, the officer took appellant's vehicle to a nearby flat weigh scale located at South Hills Movers which was certified by the Department of Agriculture and Bethel Park Police. The vehicle was weighed by a certified weightmaster, and registered 63,740 pounds, or 40,740 pounds over the restricted weight. The officer, who could not produce a certificate of accuracy for the scale, testified that as he had brought it with him to the *ex parte* hearing, it should be a matter of court record.

In his defense, appellant, who had been a driver for the refuse company since 1977, testified that on November 8, 1989, he had made at least nineteen local stops before he was stopped by Officer Gary. Appellant testified that he was on his way to his next pick-up at the time the officer stopped him, and "[he] didn't know which way to go or how to do it because there's a lot of roads posted in that part of Bethel Park." Notes of Testimony ("N.T."), 1/30/92, at 14. Appellant claimed that driving his vehicle on the restricted roadway was necessary in order to reach his next customer. In rebuttal, Officer Gary detailed the path by which appellant would have needed to travel in order to avoid the restricted roadway. The officer testified that appellant "used Clifton Road as a cut through." N.T., 1/30/92, at 19.

Appellant also testified that later that day, when he had completed the remainder of his stops, he went to the landfill and weighed in at an amount lighter than the moving company's scales had registered. Appellant testified that he could not produce the receipt because, "It was so long ago, [he] lost the paper to prove it . . . ." N.T., 1/30/92, at 17.

Based on this testimony, the trial court found appellant guilty of driving his vehicle in violation of 75 Pa.C.S. § 4902(a) (emphasis added):

**(a) Restrictions based on condition of highway or bridge.**—The Commonwealth and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge whenever they determine that *the highway or bridge may be damaged or destroyed unless use by vehicles is prohibited or the permissible size or weight of vehicles is reduced.* School buses, emergency vehicles and vehicles making local deliveries or pickups may be exempted from restrictions on the use of highways imposed under this subsection.

75 Pa.C.S. § 4902(b) outlines the other reason why roadways and bridges may be weight restricted.

**(b) Restrictions based on traffic conditions.**—The Commonwealth and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge whenever they determine that *hazardous traffic conditions or other safety factors require such a prohibition or restriction.* School buses, emergency vehicles and vehicles making local deliveries or pickups may be exempted from restrictions on the use of highways imposed under this subsection.

The fines provided for the subsections are as follows:

**(g) Penalty.**—

(1) Any person operating a vehicle or combination upon a highway or bridge in violation of a prohibition or restriction imposed under subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $75, except that any person convicted of operating a vehicle with a gross weight on excess of a posted weight shall, upon conviction, be sentenced to pay a fine of $150 plus $150 for each 500 pounds, or part thereof, in excess of 3,000 pounds over the maximum allowable weight.

(2) Any person operating a vehicle or combination in violation of a prohibition or restriction imposed under subsection (b) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of not less than $25 and not more than $100.

Following this judgment against him, appellant filed a motion in arrest of judgment averring that the Commonwealth had failed to establish a prima facie case against appellant because it failed to produce evidence that the scale used to weigh his vehicle was accurate; failed to produce the reason why the roadway was restricted as to weight; and failed to negate appellant's contention that he was involved in a local delivery when cited. In the alternative, appellant argues that the prosecution against him is barred under 42 Pa.C.S. § 5553(e) as the trial was held over two years after the commission of the offense. The trial court denied appellant's motions, and this appeal followed.

On appeal, appellant argues that the Commonwealth failed to present sufficient credible evidence to sustain his summary conviction. Specifically, he claims that the Commonwealth failed to establish that the weigh scale was accurate. Furthermore, he argues that because the Commonwealth did not disprove his contention that he was in the process of making a local pick-up at the time he was cited, he is exempt under the terms of the statute. Lastly, appellant argues that since the Commonwealth failed to provide the reason for the weight restriction on the roadway, the case against him fails. In reviewing a challenge to the sufficiency of the evidence, we determine

whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Commonwealth v. Akers*, 392 Pa.Super. 170, 181, 572 A.2d 746, 751 (1990), quoting *Commonwealth v. Jackson*, 506 Pa. 469, 472–3, 485 A.2d 1102, 1103 (1984).

First, we will address appellant's contention with regard to the accuracy of the scale on which his vehicle was weighed. Appellant argues, "The section in question seems clearly to indicate that the Commonwealth must establish *inter alia,* the exact weight of Defendant's vehicle." Appellant's brief at 11. However, appellant provides us with no legal support for his assertion. Our review of the statute and the case law which interprets it reveals that the production of a certificate of accuracy is not a requisite element to sustain a conviction under the statute. In a prosecution for operating an overweight vehicle, the Commonwealth has met its burden of proof when the citing officer testifies that appellant and the vehicle were taken to a stationary scale, weighed by a certified weightmaster while the officer was present, and that the vehicle was overweight. *See Commonwealth v. Mann,* 20 D. & C.3d 53, 1981. As the legislation infers no presumption, the issue of the scale's accuracy becomes a question of fact for the court to decide. However, even if we agreed with appellant as to the importance of the certificate of accuracy, as it had been admitted into evidence before the same judge during the first hearing, the certificate is a matter of court record.

Appellant next proposes that the Commonwealth's case against him is insufficient because the Commonwealth did not prove that he was not in the process of making a local delivery when cited. As appellant fails to argue this premise in his brief, the issue is waived. *Commonwealth v. Miller,* 390 Pa.Super. 129, 568 A.2d 228 (1990). Nevertheless, we will briefly outline why appellant's contention fails. First, appellant's argument is improperly labeled as one of sufficiency. Instead, this claim goes to the weight of the evidence because it depends upon a resolution of the conflicting testimony of competing witnesses. In essence, appellant claims that the Commonwealth had the duty to disprove his testimony that he was making a local delivery when he was cited. Appellant never testified that the stop was on Clifton Road, only that he was driving on Clifton Road to make his next local stop. In rebuttal, the Commonwealth offered the testimony of an officer who had worked the streets of Bethel Park for thirteen

8

years. Based on appellant's testimony, the officer outlined a route by which appellant could have driven his vehicle from one pick-up to the next, without using Clifton Road. It is evident from the trial court opinion that the court credited the testimony of the officer over appellant's testimony. As the trial court is free to believe all, part, or none of the evidence, we will not overturn its finding. *Commonwealth v. Yetsik*, 402 Pa.Super. 615, 587 A.2d 788 (1991).

■ Finally, appellant claims that since the Commonwealth failed to provide the reason for the roadway's weight restriction, the Commonwealth's case against him fails. Appellant maintains that 75 Pa.C.S. § 4902(a) imposes heavy penalties for violations of posted weight restrictions which are imposed due to the condition of a roadway or bridge, whereas 75 Pa.C.S. § 4902(b) mandates a fine for a violation of weight restrictions which are imposed due to traffic conditions. The distinction is important because the fine imposed for violating subsection (a) requires the offender whose vehicle's gross weight exceeds the posted weight to pay a fine of $150.00 for each 500 pounds in excess of 3,000 pounds over the maximum allowable weight, and subsection (b) imposes a fee not to exceed $100.00. Appellant relies upon *Commonwealth v. Geise*, 314 Pa.Super 24, 460 A.2d 354 (1983), for support.

In *Geise*, we held that the Commonwealth must prove whether the violation was of subsection (a) or (b) as a necessary element of its prima facie case. We ruled that proof could consist of a document from the district engineer stating that the reason for the restriction was due to deterioration, or an officer's testimony with regard to that document. In this case, Officer Gary testified that "Clifton Road ... is posted as per specifications by PennDOT as restricted roadway, not to exceed 10 tons unless there is a local delivery on that particular roadway." N.T., 1/30/92, at 4. When asked why the roadway was posted, the officer replied, "I can't recall exactly what the engineers have written down for that particular roadway. I can only assume." N.T., 1/30/92, at 8. When asked if the road was properly posted, the officer replied, "Yes." N.T., 1/30/92, at 8.

The similarities in both *Geise* and the present case are evident. In each case, the drivers were found guilty of violating 75 Pa.C.S. § 4902(a). While the Commonwealth attempts to distinguish *Geise* because that violation involved a bridge and the instant case involves a roadway, we fail to see the import of such a distinction since the statutory language clearly sets forth the same penalties with respect to roadways and bridges. The Commonwealth argues that the officer's testimony with regard to the *proper* posting of the road, in conjunction with the fact that he cited appellant under subsection (a), must lead us to conclude that the *proper* reason for the posting was to protect the roadway against deterioration. Unfortunately, the Commonwealth provides no legal precedent in support of its contention. The officer's statement that the road was *posted properly* merely satisfies the statutory requirement that the road must be posted with the maximum allowable weight. The sign itself states no *reason* for the posting. Moreover, the officer could not testify to the reason for the posting, only that it was "per specifications by Penn-Dot." N.T., 1/30/92, *supra.* We are unconvinced by the Commonwealth's attempt to extrapolate a necessary element of the offense with the use of circular reasoning.

As it is clear that appellant drove an overweight vehicle over a restricted roadway in total disregard for the posted weight limitation, and likewise clear that he failed to convince the trial court that he was exempt from that restriction, he is guilty of a violation under 75 Pa.C.S. § 4902. Unfortunately, due to the Commonwealth's failure to prove a necessary element of the offense, it is unclear under which specific subsection he is guilty. While we would prefer to affirm the ruling of the trial court, we are unable to uphold the conviction under subsection (a). Therefore, as required by our holding in *Geise*, we are constrained to reverse and as a consequence, will not address appellant's contentions with regard to 42 Pa.C.S. § 5553(e).

In accordance with the above, we are constrained to vacate the judgment of sentence and discharge appellant.