J-A28039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOMINIQUE MARSHON LEE, | |
| Appellant | No. 1299 EDA 2015 |

Appeal from the Judgment of Sentence April 17, 2015
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0001738-2013

BEFORE:  PANELLA, J., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 29, 2016**

Appellant, Dominique Marshon Lee, appeals from the judgment of sentence imposed after his jury conviction of murder of the second degree, robbery, burglary, and criminal conspiracy.[1]  We affirm.

In its May 3, 2016 opinion, the trial court aptly set forth the relevant facts, as follows:

> Shortly after midnight on June 29, 2012, three armed men burst into the living room of the apartment shared by Dominick Williams and Aaron Crawford.  Mr. Crawford was asleep in his bedroom.  Mr. Williams was awake and playing video games in the living room.  All three intruders wore t-shirts wrapped around their faces to disguise their identity.  One of the intruders immediately shot Mr. Williams in the groin.  Another of the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a), 3502(a), 903, respectively.

intruders went to Mr. Crawford's bedroom and grabbed a clear, plastic jar that contained marijuana, money and a pack of cigarettes. All three intruders then ran from the apartment. Dominick Williams remained on his living room floor bleeding to death. Later, at the hospital, he died.

Shortly after the robbery[,] the police located the plastic jar about two blocks away from the victim's apartment. Located nearby was a black t-shirt. Subsequent testing revealed the presence of [Appellant's] thumbprint on the jar, and co-defendant Marquis Rayner's[2] DNA on the t-shirt. Marquis Rayner and [Appellant], who are half-brothers, were subsequently arrested for the murder of Dominick Williams.

On November 20, 2014, after a four-day trial, a jury found Appellant guilty of second degree murder, robbery, burglary, and criminal conspiracy. He was sentenced to life in prison on April 17, 2015. [The trial court] denied his optional post-sentence motion by order dated April 23, 2015. This appeal followed.

(Trial Court Opinion, 5/03/16, at 1-2).

Appellant raises four questions for this Court's review:

1. Were the convictions for murder of the second degree, robbery, burglary and conspiracy to commit robbery and burglary against the weight of the evidence? Were the verdicts against the weight of the evidence when the only evidence was [Appellant's] fingerprint on the glass jar with other persons' DNA found [one and one-half] blocks from the crime and [fifteen] feet from another persons' DNA on a black tee shirt?

2. Were the convictions for murder of the second degree, robbery, burglary and conspiracy to commit robbery and burglary not supported by sufficient evidence?

3. Did the Assistant District Attorney err in his opening statement and err again when presenting Detective Dutter by stating his office received an anonymous tip linking [Appellant] (half-brother of Mr. Rayner) as a participant in the crime? Did

_____

[2] Marquis Rayner filed an appeal at docket number 1263 EDA 2015.

[the trial court] err in denying the defense request for a mistrial? Did this intentional error violate [Appellant's] right to confront a critical witness in violation of the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution and further, was this improper hearsay, particularly since Mr. Rayner [sic] was charged with conspiracy?

4. Did [the trial court] err by interfering improperly with Mr. Stretton's[3] cross-examination of a key prosecution witness on his critical testimony on the tee shirt, and did [the trial court] err in criticizing Mr. Stretton before the jury? Did [the trial court] further err in repeatedly and incorrectly criticizing Mr. Stretton during his closing argument on the issue of burden of proof? Did [the trial court] wrongly criticize Mr. Stretton in front of the jury? Did [the trial court] err in not granting a mistrial? Did [the trial court's] improper interference and criticism of Mr. Stretton prejudice [Appellant], deny him a fair trial, and impact on [Appellant's] [Sixth] Amendment right to effective counsel?

(Appellant's Brief, at 6-8).[4]

Appellant's first two issues challenge the sufficiency and weight of the evidence to support his convictions. (**See id.** at 40-52).[5] For ease of

---

[3] Attorney Samuel Stretton was trial counsel for Appellant's co-defendant, Marquis Rayner.

[4] In the argument section of his brief, Appellant includes a claim that the prosecutor committed misconduct during his closing argument. (**See** Appellant's Brief, at 58-65). However, pursuant to Pennsylvania Rule of Appellate Procedure 2116(a), "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Therefore, the allegation is waived. **See Commonwealth v. Hodge**, 144 A.3d 170, 172 n.4 (Pa. Super. 2016) (waiving claim raised in argument section of brief that was not raised in statement of questions involved).

[5] Although Appellant recognizes that each of these issues has its own standard, (**see** Appellant's Brief, at 47), he appears to confuse the legal concepts. (**See id.** at 40-52). For example, "[a] motion for new trial on the
*(Footnote Continued Next Page)*

disposition, we will address Appellant's sufficiency challenge first, and then his weight of the evidence claim. Appellant's challenge to the sufficiency of the evidence lacks merit.

Our standard of review of this matter is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial [ ] in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*(Footnote Continued)* _____

grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (citation omitted). However, in support of his weight of the evidence challenge, Appellant repeatedly states that the Commonwealth failed to prove the elements necessary to support his convictions. (***See*** Appellant's Brief, at 43-45). Also, in his sufficiency challenge, Appellant maintains that "[t]he speculative and conflicting nature of the testimony would warrant a reversal on the basis of sufficiency of evidence." (Appellant's Brief, at 50). However, this allegation goes to the weight of the evidence. ***See Commonwealth v. Doleno***, 633 A.2d 203, 206 (Pa. Super. 1993) ("claim goes to the weight of the evidence because it depends upon a resolution of the conflicting testimony of competing witnesses.").

*Commonwealth v. Stiles*, 143 A.3d 968, 981 (Pa. Super. 2016) (citation omitted). In other words, "[a] mere conflict in the testimony of the witnesses does not render the evidence insufficient because it is within the province of the factfinder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence." *Commonwealth v. Rabold*, 920 A.2d 857, 858 (Pa. Super. 2007), *affirmed*, 951 A.2d 329 (Pa. 2008) (citation omitted).

In this case, Appellant was convicted of murder of the second degree, robbery, burglary, and conspiracy.

Pursuant to section 2502 of the Crimes Code, "[a] criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S.A. § 2502(b). The Crimes Code also provides, in pertinent part, that "[a] person is guilty of robbery if, in the course of committing a theft, he . . . inflicts serious bodily injury upon another [or] threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S.A. §§ 3701(a)(1)(i), (ii). It further provides, "[a] person commits the offense of burglary if, with the intent to commit a crime therein, the person . . . enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present[.]" 18 Pa.C.S.A. § 3502(a). Finally:

> A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he . . . agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime . . . or . . . agrees to aid such other person or persons in the planning or commission of such crime . . . .

18 Pa.C.S.A. § 903(a).

Here, the evidence at trial established that three men burst into Dominick Williams' apartment with the intent of robbing him. (**See** N.T. Trial, 11/17/14, at 67, 69, 150). The men were armed with guns and wore t-shirts across their faces. (**See id.** at 66-68, 77, 118-19, 132). After shooting Mr. Williams, and pistol whipping his roommate, Aaron Crawford, one of the men stole a plastic-lidded jar that contained marijuana and other items. (**See id.** at 155-57). The individual was not wearing gloves. (**See id.** at 150).

As further described by the trial court:

> Approximately [ninety] minutes after Dominick Williams had been shot, police officer Stephen Galletta of the Coatesville City Police Department located the clear plastic jar tossed in a hedge row approximately a block and a half from the crime scene. (**See id.** at 244). The jar contained a pack of Newport cigarettes. (**See id.** at 163). Located several feet away was a black t-shirt. (**See id.** at 244, 248). Witness Aaron Crawford was brought to the discovery scene and identified the jar as the one taken from his bedroom earlier that morning, and the t-shirt as the type of shirt that one of the robbers had been wearing across his face. (**See id.** at 161-64).

> Chester County Detective Kenneth Beam testified as an expert in the field of fingerprint analysis. Detective Beam received as evidence the plastic jar and t-shirt found close to the scene of the robbery. (**See** N.T. Trial, 11/18/14, at 49).

Detective Bean testified that the print with the sharpest and clearest detail found on the plastic jar belonged to Appellant. (**See id.** at 65, 69, 73). . . .

(Trial Ct. Op., at 4-5) (some record citation formatting provided).

Considering the foregoing evidence in the light most favorable to the Commonwealth, we conclude that the trial court properly found that it was sufficient to support each of Appellant's convictions. **See Stiles**, **supra** at 981. In fact, Appellant's argument, that the testimony was insufficient because it conflicted, fails where it was within the province of the jury, as fact finder, "to determine the weight to be given to the testimony and to believe all, part, or none of the evidence." **Rabold**, **supra** at 858. Appellant's challenge the sufficiency of the evidence does not merit relief.

Next, Appellant challenges the weight of the evidence on the basis that "[t]he only evidence placing [him] at the crime is particularly flimsy in that [his] fingerprints were found on the jar that was taken and was sitting in a bush [fifteen] feet [away]." (Appellant's Brief, at 43; **see id.** at 40-47). Appellant's claim does not merit relief.

The Court's standard of review of a weight of the evidence claim is a stringent one:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so

contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (citation and quotation marks omitted).

In this case, the trial court "presided over Appellant's trial. . . . [It did] not find the jury's verdict so contrary to the evidence as to shock the [c]ourt's sense of justice. Thus, [it] specifically [found] that the verdict entered in this matter was not against the weight of the evidence." (Trial Ct. Op., at 6). We decline Appellant's invitation to re-weigh the evidence in this matter, and conclude that the trial court did not abuse its discretion in denying his weight of the evidence challenge. *See Boyd*, *supra* at 1274-75. Appellant's weight of the evidence claim does not merit relief.

In Appellant's third issue, he challenges the trial court's denial of his co-defendant's motions for a mistrial after the Commonwealth's attorney referenced an anonymous tip during his opening statement and his examination of Detective Dutter. (*See* Appellant's Brief, at 52-58). This issue is waived.

- 8 -

It is well settled that a claim of prosecutorial misconduct is waived on appeal if the defendant did not lodge a contemporaneous objection to the alleged impropriety at trial. ***See Commonwealth v. May***, 887 A.2d 750, 758 (Pa. 2005); ***see also*** Pa.R.A.P. 302(a); ***Commonwealth v. Cannady***, 590 A.2d 356, 362 (Pa. Super. 1991), *appeal denied*, 600 A.2d 950 (Pa. 1991) (concluding where defendant did not object or join in co-defendant's objection, issue was waived as to defendant for purposes of appeal); ***Commonwealth v. Woods***, 418 A.2d 1346, 1352 (Pa. Super. 1980) (issue waived where appellant failed to join objection of co-defendant).

In this case, although Rayner's counsel objected to the prosecutor's remarks and moved for mistrials, Appellant neither lodged his own objection nor joined in his co-defendant's objections and motions. (***See*** N.T. Trial, 11/17/14, at 18; N.T. Trial, 11/18/14, at 183-84). Therefore, because the objection by co-defendant did not preserve the issue for Appellant's appeal, this issue is waived.[6] ***See Cannady***, ***supra*** at 362; ***Woods***, ***supra*** at 1352; ***see also*** Pa.R.A.P. 302(a); ***May***, ***supra*** at 758. Moreover, it would not merit relief.

_____

[6] Appellant's issue also is waived for his failure to identify where he preserved this issue, in contravention of the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2117(c) (appellant's statement of the case must state where in record issue raised and preserved for appeal); Pa.R.A.P. 2119(e) (argument section of brief must state where issue raised and preserved for appeal); ***Commonwealth v. Kane***, 10 A.3d 327, 333 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011) (finding claim waived for appellant's failure to identify where issue preserved).

It is well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.

*Commonwealth v. Chamberlain*, 30 A.3d 381, 422 (Pa. 2011), *cert. denied*, 132 S. Ct. 2377 (2012) (citations and quotation marks omitted); *see also Commonwealth v. Jemison*, 98 A.3d 1254, 1263 (Pa. 2014) (observing that "the jury is presumed to follow the court's instructions.") (citation omitted).

In the case *sub judice*, Appellant first argues that the trial court erred in denying the motion for a mistrial where the Commonwealth's counsel referred to prejudicial hearsay during his opening statement. (*See* Appellant's Brief, at 53). This argument lacks merit.

It has long been the law of this Commonwealth that:

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. [*See*] Pa.R.E. 801(c). Thus, any out of court statement offered not for its truth but to explain the witness's course of conduct is not hearsay.

*Commonwealth v. Johnson*, 42 A.3d 1017, 1035 (Pa. 2012), *cert. denied*, 133 S. Ct. 1795 (2013) (case citation and internal quotation marks omitted).

Here, during the Commonwealth's opening statement, the prosecutor explained the process by which the fingerprint on the jar was identified. Specifically, after stating that investigators had been unable to identify the fingerprints for approximately six months, the prosecutor stated:

> Now it's time for me to talk about that second lucky break that happened in January of 2013 when Detective Harold Dutter received an anonymous tip from someone who identified [Appellant] as one of the men who [was] involved in the home invasion robbery.

(N.T. Trial, 11/17/14, at 18). This statement about the tipster was made to explain the course of conduct pursued by the police, not for the truth of the matter asserted. Therefore, it was not hearsay. **See Johnson**, **supra** at 1035. Additionally, even if the remark were hearsay, after the Commonwealth's counsel completed his opening statement, the court instructed the jury:

> Ladies and gentlemen, before we get to the defense opening, I need to give you an instruction. You recall that during the course of [the prosecutor's] opening[,] he made mention of what a tipster said and certain tipster information was provided to the police and there was an objection by defense. I need to give you an instruction with respect to that.
>
> When an anonymous tip comes to the police[,] the police are allowed to act on an anonymous tip. In other words, they are allowed to check fingerprints and identities and these types of things. But what the tipster said, his actual words[,] is not evidence of [Appellant's] guilt and you may not consider what the tipster said as being evidence of any defendant's guilt.
>
> However, the prints that were checked as a result of the tip is evidence that you may consider in this particular case. . . .

(N.T. Trial, 11/17/14, at 30-31).

- 11 -

Therefore, based on the foregoing, any prejudice allegedly suffered by Appellant was cured by the court's cautionary instruction, which the jury is presumed to have followed. *See Jemison*, *supra* at 1263; *Chamberlain*, *supra* at 422. Hence, Appellant's argument would lack merit.

Similarly, Appellant argues that the trial court abused its discretion when it denied co-defendant's motion for a mistrial on the basis of the prosecutor's questioning of Detective Dutter about the anonymous tip. (*See* Appellant's Brief, at 54-56). Appellant maintains that, because the anonymous tip led to the identification of his fingerprint, the tip was "very damning evidence" that denied him the right of confrontation. (*Id.* at 55). However, this argument also would fail.

A review of the testimony reveals that the Commonwealth's attorney asked Detective Dutter at what point during the investigation Appellant's name came up, to which the detective responded that it was through an anonymous tip. (N.T. Trial, 11/18/14, at 183). Co-defendant objected and moved for a mistrial, which the trial court denied after cautioning the jury that: "[J]ust because somebody's name comes up in an anonymous tip, it is not to be construed in any way by you as evidence against that individual. It[ is] simply being used in this context to show that the police took [a] step and went forward. . . ." (*Id.* at 183-84).

As previously observed, the statement by the anonymous tipster was not hearsay because it was offered to show why the police took the

investigation in the direction that they did, not for the truth of the matter asserted; and, in any event, the cautionary instruction provided by the trial court was sufficient to overcome any potential prejudice. *See Johnson*, *supra* at 1035; *Chamberlain*, *supra* at 422; *see also Jemison*, *supra* at 1263. Therefore, this argument would fail, and Appellant's third issue would lack merit.

In his fourth issue, Appellant argues that the trial court improperly interfered with trial. (*See* Appellant's Brief, at 65-79). Specifically, he maintains:

> [The trial court] improperly interfered with Mr. Stretton's cross-examination of a key prosecution witness and commented on the evidence. Further, [the trial court] criticized Mr. Stretton repeatedly in front of the jury and incorrectly and repeatedly interrupted his closing speech and criticized Mr. Stretton for the closing speech in front of the jury, even though Mr. Stretton gave an appropriate closing speech. [The trial court] refused a mistrial request. [The trial court's] interference, commenting on evidence, improper criticism and interruption of Mr. Stretton's closing speeches denied Mr. Rayner, his right to due process and a fair trial and impacted on Mr. Rayner's Sixth Amendment right to effective counsel.

(*Id.* at 65) (underlining omitted). Appellant's issue is waived, and would not merit relief.

Mr. Stretton was Mr. Rayner's trial counsel. (*See, e.g.*, N.T. Trial, 11/17/14, at 1). Appellant had his own legal representation at trial. (*See id.*). Appellant's counsel failed to object to any of the trial court's interactions with co-defendant's counsel. (*See* N.T. Trial, 11/17/14, at 186-87, 190-91, 198-99; N.T. Trial, 11/19/14, at 160-61). Therefore,

Appellant's claim is waived. *See Cannady*, *supra* at 362; *Woods*, *supra* at 1352; *see also* Pa.R.A.P. 302(a); *May*, *supra* at 758.

Moreover, not only does Appellant fail to provide any argument about how the court's interactions with Mr. Stretton prejudiced **him**, (*see* Appellant's Brief, at 65-79), after our independent, exhaustive review of the entire record in this matter, we are unable to discern how any of the trial court's exchanges with Mr. Stretton "so prejudice[d] the jurors against [Appellant] that it may reasonably be said [that the remarks] deprived [him] of a fair and impartial trial." *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014) (citation, footnote, and quotation marks omitted). Appellant's fourth issue would not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/29/2016</u>

- 14 -