J-S37008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NA'RON EMIL AKINS | : | |
| | : | |
| Appellant | : | No. 375 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 14, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-SA-0000289-2018

BEFORE: BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 24, 2019**

Na'Ron Emil Akins appeals *pro se* from the judgment of sentence of a fine of $14,250 imposed following his conviction for violating vehicle size/weight limits under 75 Pa.C.S. § 4902. We affirm.

The trial court offered the following summary of the facts underlying Appellant's conviction.

> [Appellant] was cited on June 19, 2018 by Officer Kevin McCartney of the Hellertown Police Department for driving a five-ax[le] tractor-trailer on Northampton Street in the Borough of Hellertown, which was posted as having a six-ton weight limit, pursuant to 75 Pa.C.S.A. § 4902. The weight limit for Northampton Street was based upon an engineering study, as required by statute. The Commonwealth presented evidence of the posted warning signs, advising vehicles that Northampton Street has a six-ton limit and providing an opportunity to turn onto another route. Officer McCartney had previously been certified by the Commonwealth in the weighing and measuring of vehicles and equipped with calibrated scales. At the time Officer McCartney stopped [Appellant], [Appellant] provided a Bill of Lading showing that he had picked up a load at 1355 Easton Road in Bethlehem, to be delivered to Texas. Officer McCartney used

scales to determine the weight of [Appellant]'s vehicle to be 61,789 pounds, which was 49,789 pounds over the posted limit for Northampton Street. Officer McCartney calculated [Appellant]'s fine to be $14,250.00 based upon the amount of weight the vehicle was over the posted limit.

Trial Court Opinion, 3/20/19, at unnumbered 1-2 (citations omitted).

Officer McCartney cited Appellant accordingly. After Appellant was found guilty by the magisterial district judge, he timely filed a summary appeal, and was convicted and sentenced as indicated above by the trial court following a trial *de novo*. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's brief in this Court is not a model of compliance with the Rules of Appellate Procedure. The Commonwealth, pointing out the brief's many defects, argues that we should dismiss the appeal pursuant to Pa.R.A.P. 2101, rather than addressing the merits of Appellant's issues. Commonwealth's brief at 6-9. While the Commonwealth is correct that Appellant's *pro se* status does not obviate his obligation to comply with the appellate rules, *see id*. at 7, we find Appellant's claims of error sufficiently stated and developed to warrant our review of their merits.

Appellant's arguments attack the sufficiency of the evidence to sustain his conviction. Evidentiary sufficiency is a question of law and "our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Williams*, 176 A.3d 298, 305 (Pa.Super. 2017).

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable

inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Id*. at 305-06.

Section 4902 of the vehicle code provides as follows, in relevant part.

**(a) Restrictions based on condition of highway or bridge.--**

(1) The Commonwealth and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge only when they determine by conducting an engineering and traffic study as provided for in department regulations that the highway or bridge may be damaged or destroyed unless use by vehicles is prohibited or the permissible size or weight of vehicles is reduced.

(2) School buses, emergency vehicles and vehicles making local deliveries or pickups may be exempted from restrictions on the use of highways imposed under this subsection.

. . . .

**(g) Penalty.--**

(1) Any person operating a vehicle or combination upon a highway or bridge in violation of a prohibition or restriction imposed under subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $75, except that any person convicted of operating a vehicle with a gross weight in excess of a posted weight shall, upon conviction, be sentenced to pay a fine of $150 plus $150 for

each 500 pounds, or part thereof, in excess of 3,000 pounds over the maximum allowable weight.

75 Pa.C.S. § 4902.

To sustain a conviction under § 4902(a), the Commonwealth must produce evidence that the defendant drove an overweight vehicle on a bridge or roadway that was properly posted with a weight restriction, and that the restriction was imposed based upon a determination that the highway would be damaged absent the restriction. *Commonwealth v. Doleno*, 633 A.2d 203, 207 (Pa.Super. 1993). If the defendant offers evidence that he or she was exempt due to making a local pickup or delivery, the Commonwealth can rebut it by establishing that there was "an alternative route by which the driver could have avoided the weight-restricted road entirely." *Commonwealth v. Reaser*, 851 A.2d 144, 149 (Pa.Super. 2004).

Our review of the record confirms that Officer McCartney testified that Northampton Street was posted as having a weight limit of six tons (12,000 pounds); that signs warning drivers of the restriction were located one mile before the restricted road to enable overweight vehicles to turn off before reaching it; that the restriction was based upon an engineering study; and that he weighted Appellant's vehicle with certified scales and determined it was nearly 50,000 pounds over the limit. N.T. Trial, 1/14/19, at 14-21.

What we glean from Appellant's brief is that he is exasperated by the failure of the trial court to accept his position that his bill of lading and shipping order served to qualify him as local traffic such that he was exempt from the

- 4 -

weight restriction. *See* Appellant's brief at unnumbered 1-2 (citing 67 Pa.Code §§ 189.3-189.4 (providing, in chapter concerning hauling in excess of posted weight limits, regulations regarding local traffic and use under permit).

The record does reveal that Appellant testified, and offered documentation to corroborate, that he made a local pickup at 1355 Easton Road, and that, as he was heading to Texas with his cargo, his GPS instructed him to use Northampton Road to get to Interstate 78. N.T. Trial, 1/14/19, at 27-28, 31. Given this evidence, Appellant contends that his conviction was "[v]ery incompetent and unprofessional on the Judge's behalf [sic]." Appellant's brief at unnumbered 2.

Appellant's befuddlement[1] stems from his mistaken belief as to the extent of the exemption. Under § 4902(a)(2) and the regulations upon which Appellant relies, he was permitted to drive on Northampton Road if he were making a pickup or delivery **on that road** or at a location that could not reasonably be accessed without driving on that road. What he fails to grasp is that "**it is irrelevant that a driver is making a local delivery or pick-up if he can completely avoid the weight-restricted road by using a reasonable alternative route**." *Reaser*, *supra* at 150 (emphasis added).

---

[1] *See*, *e.g.*, N.T. Trial, 1/14/19, at 4 ("To me it's a complete nonsense that I'm even here right now, ma'am."); *id*. at 5 ("I don't know how I'm even standing here right now.").

- 5 -

The trial court found that:

the record clearly demonstrates that [Appellant] was neither picking up nor delivering items along the posted stretch of Northampton Street where he was cited. According to the MapQuest printout provided by [Appellant], the address where [Appellant] loaded his truck, 1355 Easton Road, was approximately one-half mile from the location where he was cited, and he had ample opportunity to turn onto a different route before proceeding down the posted section of Northampton Street. [Appellant]'s argument that he was following a GPS navigation system does not excuse his failure to follow posted traffic signage, including duly posted signage warning of weight limits on surface streets.

Trial Court Opinion, 3/20/19, at unnumbered 2.

Our review of the record confirms the trial court's findings. Appellant's local pickup did not require him to drive on Northampton Road. Appellant's bill of lading for his Easton Road pickup did not serve as a permit to drive wherever he wanted or wherever his GPS told him to go after making his pickup, with utter disregard for posted weight restrictions. He had an obligation to avoid the restricted road via a reasonable alternative route.[2] He failed to do so. **Compare Doleno**, **supra** at 207 (holding Commonwealth established that local delivery exemption did not apply where the delivery was not on the restricted road and the trial court believed the officer's testimony

_____

[2] Appellant suggests that the alternative route accepted by the judge was not a "better route" because, if it was, it would be posted with "Truck Route" signs pursuant to PennDOT regulations. Appellant's brief at unnumbered 2. However, we note that while 75 Pa.C.S. § 4902(e) mandates the posting of signs informing drivers of weight-restricted designations, § 4902(d) provides that the Commonwealth "may" designate alternative routes for overweight traffic.

of a route from one delivery to the next that avoided the restricted road), *with Reaser*, *supra* at 151-52 (reversing conviction and vacating judgment of sentence where there was no route available to the defendant that enabled him to completely avoid the weight-restricted road).  Therefore, we have no reason to disturb Appellant's conviction or sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/19